UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garcia Zenas Wilson, | ) C/A No.: 2:13-9-RMG-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Jail Administrator, Scotty Bodiford, | ) |
| Respondent. | ) |

Petitioner, a pre-trial detainee confined at the Greenville County Detention Center in Greenville, South Carolina, files this matter *pro se*, pursuant to 28 U.S.C. § 2241. Petitioner, who is represented by counsel in the criminal matter, challenges the pending charges against him: murder, armed robbery, and possession of a weapon during the commission of a violent crime. Petitioner alleges the charges are premised on insufficient evidence, speculation, and hearsay. He states the warrant that was issued was based on "a deliberate falsehood." He further states that a co-defendant was "vindictive," and has made statements against him. He seeks the suppression of the statement, claiming it was made in order to obtain a "time cut" in the co-defendant's own sentence - and also to prohibit the Petitioner from pursuing relationships with the mothers of the co-defendant's children. Petitioner further claims that the crimes he has been charged with took place some time ago, in 2004, and he maintains he was not a suspect "at [the] time of [the] crime." He seeks dismissal of the charges and he asks for his immediate release. An attachment to the petition suggests the Petitioner has also filed a *pro se* motion in state court to dismiss the charges against him.

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70 (2nd Cir. 1975). Even under this less stringent standard, the petition for writ of habeas corpus is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387(4th Cir. 1990).

    As noted above, the Petitioner is confined at the Greenville County Detention Center awaiting trial for murder, armed robbery, and possession of a weapon. Since the petitioner is a pre-trial detainee, his exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *after* he fully exhausts his state remedies. Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts

have held that exhaustion is necessary under § 2241 also. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); and *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. *Carden v. Mont.*, 626 F.2d 82, 83-84 (9th Cir. 1980). *Cf. Hamlin v. Warren*, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 19 S.Ct. 119 (1898); *Taylor v. Taintor*, 83 U.S. 366, 1872 WL 15393 (1873); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

Furthermore, as noted above, a state-prisoner must exhaust his available state-remedies by presenting his federal-constitutional claim to the state courts as a

condition-precedent to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827 (1973). If the petitioner is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *Castille v. Peoples*, 489 U.S. 346, 101 S.Ct. 1056 (1989). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 101 S.Ct. 1056 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

Since the Petitioner may challenge the sufficiency of the warrant, and also challenge the evidence, if any, against him in state court proceedings, this Court should abstain from ruling on the issues presented.

## **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice. See Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or

return). *Cf.* The Anti-Terrorism and Effective Death Penalty Act of 1996.

                                                                                                    s/Bruce H. Hendricks  
                                                                                               United States Magistrate Judge

January 28, 2013  
Charleston, South Carolina

***The petitioner's attention is directed to the important NOTICE on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).