IN THE UNITED STATES DISTRICT COURT RECEIVED

DISTRICT OF SOUTH CAROLINA CLERK, CHARLESTON, SC

CHARLESTON DIVISION

2013 FEB 25 P 2: 35

| | | |
|---|---|---|
| Garcia Zenas Wilson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:13-cv-9-RMG |
| vs. | ) | |
| | ) | |
| Jail Administrator Scotty Bodiford, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner Garcia Zenas Wilson, a pretrial detainee confined at Greenville County Detention

Center in Greenville, South Carolina, filed this matter *pro se* pursuant to 28 U.S.C. § 2241, on

January 2, 2013. (Dkt. No. 1). He claims that the state criminal charges pending against him are

based on insufficient evidence, hearsay, falsities, and speculation, and seeks the dismissal of the

charges and his immediate release. (*Id.*).

### Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned

to a Magistrate Judge. The Magistrate Judge reviewed the petition under 28 U.S.C. § 1915 and, on

January 28, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R")

recommending that this petition be summarily dismissed without prejudice. (Dkt. No. 9). Petitioner

timely filed objections to the R&R. (Dkt. No. 12). He also filed an Amended Petition on February

15, 2013, in which he asserts the deficiency of the state indictment under which he is being held, and

the Court reviewed this pleading as well. (Dkt. No.14).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss an inmate's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**Discussion**

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this petition because Petitioner has not exhausted his state remedies and the state criminal proceedings are still pending. (Dkt. No. 9).

Petitioner, a pretrial detainee, seeks habeas relief under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quotation marks and citation omitted). As the Magistrate Judge explained, the exhaustion of available state law remedies is generally a prerequisite for seeking such habeas relief. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.") (quotation marks omitted);

-2-

*Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488 89 (1973).

When seeking relief under 28 U.S.C. § 2241, exhaustion is a common law requirement rooted in "prudential concerns, such as comity and the orderly administration of criminal justice." *See Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010); *see also Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976). The Fourth Circuit has developed a test to determine whether these prudential concerns counsel against exercise of the habeas power, asking whether "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Applying this test, the Fourth Circuit has emphasized that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

In addressing this § 2241 petition, the Magistrate Judge correctly observed that Petitioner is involved in an ongoing state criminal proceeding. The State has an important interest in the orderly administration of its criminal justice system, including the pursuit of charges against Petitioner, unmolested by federal court interference. Moreover, Petitioner has the opportunity to raise his various federal claims in his state trial, as well as any appeals and post-conviction proceedings. In sum, Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would necessitate federal interference through exercise of the habeas power. *Cf. Robinson v. Cannon*, No. 4:12-cv-155, 2012 WL 1937123, at *1 (D.S.C. May 29, 2012).

Accordingly, the Court finds that Petitioner fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court therefore adopts the Magistrate Judge's Report

and Recommendation as the Order of the Court and DISMISSES this action, without prejudice and without issuance and service of process.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 25 2013

-4-